IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 6:12-CR-00196-ADA |
| | § |
| MICHAEL ALLEN MANKSE | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

On December 20, 2012, Michael Allen Manske was sentenced in the Western District of Texas, Waco Division, to 120 months in prison with 10 years of supervised release to follow, for two counts of Receipt of Child Pornography and one count of Possession of Visual Depictions of Sexual Activities by Minors. The defendant's supervised release began on January 22, 2021 and was revoked on February 14, 2022. It recommenced on July 4, 2022 and was again revoked on May 28, 2024. His third term of supervised release began on June 5, 2025.

On August 8, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his

supervision in the following ways:

**Violation Number 1:** The defendant violated his special condition, in that, on or about August 17, 2025, he failed to follow the lifestyle restrictions imposed by the sex offender treatment provider.

**Violation Number 2:** The defendant violated his special condition, in that, on or about July 18, 2025, he associated with a child under the age of 18 without presence and supervision of an adult specifically designated in writing by the probation officer.

**Violation Number 3:** The defendant violated his standard condition number 3, in that, on or about June 9 and 22, 2025, he failed to follow the instructions of the probation officer.

**Violation Number 4:** The defendant violated his standard condition number 5, in that, on or about August 18, 2025, he failed to work regularly at a lawful occupation.

On October 7, 2025, the Court held a hearing on the petition. At the hearing, the government abandoned violation number 3 and 4. The defendant pled TRUE as to violation number 1 and 2. The petition contained a sufficient factual basis to support a plea of TRUE as to violation number 1 and 2.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1. The defendant violated the conditions of his supervision as alleged in the petition.

2. The defendant was competent to make the decision to enter a plea of TRUE as to violation number 1 and 2.

3. The defendant had both a factual and rational understanding of the proceedings against him.

4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him.

10. The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered his plea of TRUE as to violation number 1 and 2.

14. The defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the defendant's pleas of TRUE as to violation number 1 and 2.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's term of supervised release be revoked and that he be sentenced to 24 months in custody, with 8 years of supervised release to follow. It is recommended that the defendant complete a minimum 12-month intensive residential sex offender treatment program while incarcerated and that he be placed on home confinement, GPS electronic location monitoring for the first 2 years of his supervised release as recommended by the U.S. Probation Office. Lastly, it is recommended that all original special conditions be reimposed.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 7th day of October, 2025.

                                                DEREK T. GILLILAND
                                              UNITED STATES MAGISTRATE JUDGE